Ave T MPC Corp., as Assignee of Eduard Badalov, Appellant, 
against
Prudential Property and Casualty Ins. Co., Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered September 21, 2010. The judgment, entered pursuant to a July 1, 2010 order of the same court granting defendant's CPLR 3126 motion, dismissed the complaint.




ORDERED that, on the court's own motion, the notice of appeal from the order dated July 1, 2010 is deemed a premature notice of appeal from the judgment entered September 21, 2010 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, the parties entered into a stipulation pursuant to which plaintiff agreed to provide defendant with legible copies of the claims at issue or be precluded from offering such evidence at trial. Thereafter, defendant moved, among other things, to compel plaintiff to provide legible copies of the claims. By order entered October 9, 2009 (Lewis L. Douglass, J.H.O.), plaintiff was required to serve defendant with legible copies of the claim forms at issue, or provide defendant with an affidavit from plaintiff setting forth why plaintiff was unable to do so, within 60 days of the date of the order, or be precluded from offering "such evidence" should a judge find the explanation set forth in the affidavit from plaintiff to be insufficient. After plaintiff failed to provide defendant with either legible copies of the claim forms or an affidavit setting forth why plaintiff was unable to provide same, defendant moved, pursuant to CPLR 3126, to preclude plaintiff and to dismiss the complaint, asserting that plaintiff had failed to timely comply with the order; that, as a consequence, plaintiff was precluded from offering any evidence; and that, therefore, plaintiff could not establish its prima facie case. In opposition, a representative of plaintiff explained, in an affidavit, why plaintiff was unable to provide legible copies of the claim forms, without offering any explanation for its failure to comply with the 60-day requirement of the order, or indicating when, or if, plaintiff had previously served that affidavit upon defendant. By order entered July 1, 2010, the Civil Court granted defendant's motion. A judgment was entered pursuant to the order on September 21, 2010.
The order entered October 9, 2009 unambigously provided that plaintiff would be precluded from using the claim forms at issue if plaintiff failed to comply with the stipulation. The record fails to establish that, within the 60-day time period set forth in the stipulation, plaintiff either produced legible copies of the claim forms or provided an affidavit setting forth [*2]why it could not provide legible copies of the claim forms. We note that the affidavit attached to plaintiff's opposition papers was served upon defendant over six months beyond the time permitted by the order. Consequently, we find no basis to reverse the judgment.
Accordingly, the judgment is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: October 21, 2016